Electronically FILED by Superior Court of California, County of Los Angeles on 02/04/2020 13:03 AM Sherri R. Carter, Executive Officer/Clerk of Court, by N. Alvarez, Deputy Clerk

Case 2:23-cv-01312-MCS-AFM Document 1 Filed 02/22/23 Page 1 of 33 Page ID #:3

**SUM-100**

# SUMMONS
## *(CITACION JUDICIAL)*

**FOR COURT USE ONLY**
*(SOLO PARA USO DE LA CORTE)*

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*

CITY OF GLENDALE, ERIC MEYER, CHRISTOPHER SPENCER, GLENDALE POLICE DEPARTMENT, and DOES 1 to 50, Inclusive,

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*

RON A. ROSEN JAFANZA,

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

| | |
|---|---|
| The name and address of the court is: *(El nombre y dirección de la corte es):* SUPERIOR COURT OF CALIFORNIA<br><br>111 N. HILL STREET, LOS ANGELES, CALIFORNIA 90012<br>CENTRAL DISTRICT | **CASE NUMBER:** *(Número del Caso):*<br><br>20STCV04414 |

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Jerome A. Kaplan, Esq. (SBN 49142), 9150 Wilshire Boulevard, Suite 175, Beverly Hills, CA 90211
**Kaplan, Kenegos & Kadin  (310) 859-7700**

| | | |
|---|---|---|
| **DATE:** *(Fecha)* 02/04/2020 | Sherri R. Carter Executive Officer / Clerk of Court<br>Clerk, by Nancy Alvarez | , Deputy<br>*(Adjunto)* |
| | *(Secretario)* | |

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).*

**NOTICE TO THE PERSON SERVED:** You are served

[SEAL]

1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*

3. ☐ on behalf of *(specify):*

   under: ☐ CCP 416.10 (corporation)          ☐ CCP 416.60 (minor)
   ☐ CCP 416.20 (defunct corporation)     ☐ CCP 416.70 (conservatee)
   ☐ CCP 416.40 (association or partnership) ☐ CCP 416.90 (authorized person)

   ☐ other *(specify):*
4. ☐ by personal delivery on *(date):*

| | | |
|---|---|---|
| Form Adopted for Mandatory Use<br>Judicial Council of California<br>SUM-100 [Rev. July 1, 2009] | **SUMMONS** | Code of Civil Procedure §§ 412.20, 465<br>www.courtinfo.ca.gov |

Electronically FILED by Superior Court of California, County of Los Angeles on 02/04/2020 12:00 AM Sherri R. Carter, Executive Officer/Clerk of Court, by N. Alvarez,Deputy Clerk

Case 2:23-cv-01312-MCS-AFM   Document 1-1   Filed 02/22/23   Page 2 of 33   Page ID #:4

Assigned for all purposes to: Spring Street Courthouse, Judicial Officer: Kristin Escalante

Jerome A. Kaplan, Esq. (State Bar No. 49142)
KAPLAN, KENEGOS & KADIN
9150 Wilshire Boulevard, Suite 175
Beverly Hills, California 90211
Telephone: (310) 859-7700
Facsimile: (310) 859-7773

Attorneys for Plaintiff,
RON A. ROSEN JAFANZA

## SUPERIOR COURT OF THE STATE OF CALIFORNIA

## FOR THE COUNTY OF LOS ANGELES

| | |
|---|---|
| RON A. ROSEN JAFANZA, | Case No.:  20STCV04414 |
| Plaintiff, | **COMPLAINT FOR DAMAGES** |
| vs. | 1. **ASSAULT & BATTERY** |
| | 2. **INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS** |
| CITY OF GLENDALE, ERIC MEYER, CHRISTOPHER SPENCER, GLENDALE POLICE DEPARTMENT, and DOES 1 to 50, Inclusive, | 3. **NEGLIGENT HIRING, TRAINING, SUPERVISION AND RETENTION OF EMPLOYEES** |
| | 4. **NEGLIGENCE** |
| | 5. **FALSE IMPRISONMENT** |
| Defendants. | 6. **VIOLATION OF THE BANE CIVIL RIGHTS ACT** |
| | 7. **CIVIL RIGHTS VIOLATION [42 U.S.C. §1983]** |
| | 8. **VIOLATION OF FREEDOM FROM UNREASONABLE AND EXCESSIVE FORCE** |
| | 9. **FAILURE TO INTERVENE TO PREVENT CIVIL RIGHTS VIOLATION** |
| | 10. **CONSPIRACY TO VIOLATE PLAINTIFF'S FOURTH AND FOURTEENTH AMENDMENT RIGHTS** |
| | 11. **MUNICIPAL LIABILITY FOR VIOLATION OF CONSTITUTIONAL RIGHTS** |
| | [DEMAND FOR JURY TRIAL] |

-1-

COMPLAINT FOR DAMAGES

COMES NOW, Plaintiff, RON A. ROSEN JAFANZA, an Individual (hereinafter "Plaintiff"), and alleges against Defendants, and each of them, as follows:

1. Plaintiff is, and at all relevant times herein was, an individual residing in the County of Los Angeles, State of California.

2. Plaintiff is informed and believes, and based upon such information and belief, alleges that Defendant, CITY OF GLENDALE, is and at all relevant times herein was, a municipal corporation or political subdivision of the United States, organized and existing under the laws of the State of California. On June 7, 2019, a timely claim for damages was filed with the Defendant, CITY OF GLENDALE, in substantial compliance with Cal. Government Code section 910, et seq. Said claim was denied on August 7, 2019.

3. This action is also brought pursuant to 42 U.S.C. §1983, and the Fourth and Fourteenth Amendments of the United States Constitution.

4. Plaintiff is informed and believes, and based upon such information and belief, alleges that Defendant, ERIC MEYER, (Badge #20863), is and at all relevant times mentioned herein was, a resident of the State of California and County of Los Angeles. At all relevant times to the acts and omissions herein alleged, Defendant, ERIC MEYER, was a police officer, and was acting in the course and scope of his employment with the Defendant, CITY OF GLENDALE, and the Defendant, GLENDALE POLICE DEPARTMENT. Defendant, ERIC MEYER, is sued in his official and individual capacity.

5. Plaintiff is informed and believes, and based upon such information and belief, alleges that Defendant, CHRISTOPHER SPENCER, (Badge #19504), is and at all relevant times mentioned herein was, a resident of the State of California and County of Los Angeles. At all relevant times to the acts and omissions herein alleged, Defendant, CHRISTOPHER SPENCER, was a police officer, and was acting in the course and scope of his employment with the Defendant, CITY OF GLENDALE, and the Defendant, GLENDALE POLICE DEPARTMENT. Defendant, CHRISTOPHER SPENCER, is sued in his official and individual capacity.

-2-

6.   Plaintiff is ignorant of the true names and capacities, whether individual, corporate, or associate, of those defendants fictitiously sued as DOES 1 through 50 inclusive and so Plaintiff sues them by these fictitious names.  Plaintiff is informed and believe that each of the DOE Defendants reside in the State of California and are in some manner responsible for the conduct alleged herein.  Upon discovering the true names and capacities of these fictitiously named Defendants, Plaintiff will amend this complaint to show the true names and capacities of these fictitiously named Defendants.

7.   At all times relevant to the acts and omissions herein alleged, some of the DOE Defendants were police officers (names and badge numbers presently unknown), and were acting in the course and scope of their employment with the Defendant, CITY OF GLENDALE, and the Defendant, GLENDALE POLICE DEPARTMENT.

8.   Each of the individual Defendants sued herein is sued both in his individual and personal capacity, as well as his official capacity.

9.   Unless otherwise alleged in this complaint, Plaintiff is informed, and on the basis of that information and belief, alleges that at all times herein mentioned, each of the co-Defendants, whether named or sued fictitiously as a DOE Defendant (hereinafter "Defendants"), in doing the things hereinafter alleged, were acting within the course, scope and under the authority of their agency, employment, or representative capacity, with the consent of her/his/its co-defendants.  Plaintiff is informed and believes and thereon alleges that the DOE Defendants are and at all times relevant times mentioned herein were, residents of the State of California and County of Los Angeles.

10.  The location where the subject incident took place on December 13, 2018, was and is located on Brand Boulevard at or near Lexington Drive, Glendale, California 91203.

**FACTS COMMON TO ALL COUNTS**

11.  On December 13, 2018, at approximately 5:40 p.m., Plaintiff was standing on the sidewalk using his cell phone on the corner of Brand Boulevard at or near Lexington Drive, Glendale, California 91203.  Plaintiff was standing near a parked vehicle in the red zone with its hazard light flashing.

-3-

COMPLAINT FOR DAMAGES

12. Defendant, ERIC MEYER, employed by and acting in the course and scope of his employment with Defendant, CITY OF GLENDALE, and Defendant, GLENDALE POLICE DEPARTMENT, violently confronted Plaintiff and unjustifiably detained him without probable cause to believe that he committed a crime, or would commit a crime in the future.

13. Defendant, ERIC MEYER, asked Plaintiff for his Identification. Plaintiff advised Defendant, ERIC MEYER, that he did not park the vehicle that was in the red zone with its hazard lights flashing. Defendant, ERIC MEYER, demanded that Plaintiff provide him with Identification. Plaintiff did not have his Identification on his person. Defendant, ERIC MEYER, stated that if Plaintiff did not give him his Identification he would need to arrest Plaintiff. Plaintiff asked for a supervisor which Defendant, ERIC MEYER, refused to contact. Plaintiff attempted to call 911 when Defendant, ERIC MEYER, attempted to grab Plaintiff's cell phone.

14. Defendant, ERIC MEYER, then asked Plaintiff to place his hands behind his back. Plaintiff immediately complied with the demands of Defendant, ERIC MEYER, and placed his hands behind his back. Defendant, ERIC MEYER, then assaulted and battered Plaintiff twisting both of Plaintiff's wrists with great force causing excruciating pain and severe injuries.

15. Plaintiff began to yell for help and call out for emergency medical attention from other people in the area. Defendant, ERIC MEYER, released Plaintiff from his grip. Plaintiff was shocked and having a panic attack after being severely injured by Defendant, ERIC MEYER. Plaintiff was in great fear for his life and walked around seeking emergency medical attention. Defendant, ERIC MEYER, never asked Plaintiff to stop and did not follow Plaintiff.

16. Defendant, ERIC MEYER, and Defendant, CHRISTOPHER SPENCER, then decided to run after Plaintiff. Plaintiff raised his hands and stated "please don't hurt me...please don't hurt me" when Defendant, ERIC MEYER, and Defendant, CHRISTOPHER SPENCER, slammed Plaintiff to the ground. Plaintiff's body including his head, face, and knees hit the ground with great force. Plaintiff was unconscious for a few seconds.

-4-

COMPLAINT FOR DAMAGES

17. Plaintiff's ability to get medical attention was delayed by Defendant, ERIC MEYER, and Defendant, CHRISTOPHER SPENCER, as well as the DOE Defendants, who wanted to cover up the injuries inflicted on Plaintiff. An ambulance eventually was allowed to enter the scene and transport Plaintiff to the local hospital where he was diagnosed with various injuries including a head injury and fracture to the knee.

18. Both prior to and during the time in which Plaintiff was detained, Plaintiff posed no reasonable threat of violence to any officer nor any other individual. Both prior to and during the time in which Plaintiff was detained, Plaintiff made no aggressive movements, no furtive gestures, and no physical movements which would lead a reasonable officer to cause great bodily injury to any person. The conduct of Defendant, ERIC MEYER, Defendant, CHRISTOPHER SPENCER, and the DOE Defendants, was outrageous and far below the standard of care for officers.

First Cause of Action

**ASSAULT AND BATTERY**

(Against All Defendants)

19. Plaintiff re-alleges each and every allegation contained in the above Paragraphs 1 through 18, and by this reference incorporates said paragraphs as though fully set forth herein. On or about December 13, 2018, Defendant, ERIC MEYER, assaulted and battered Plaintiff twisting both of Plaintiff's wrists with great force causing excruciating pain and severe injuries. Plaintiff began to yell for help and call out for emergency medical attention from other people in the area. Defendant, ERIC MEYER, released Plaintiff from his grip. Plaintiff was shocked and having a panic attack after being severely injured by Defendant, ERIC MEYER. Plaintiff was in great fear for his life and walked around seeking emergency medical attention. Defendant, ERIC MEYER, never asked Plaintiff to stop and did not follow Plaintiff. Defendant, ERIC MEYER, and Defendant, CHRISTOPHER SPENCER, then decided to run after Plaintiff. Plaintiff raised his hands and stated "please don't hurt me...please don't hurt me" when Defendant, ERIC MEYER, and Defendant, CHRISTOPHER SPENCER, slammed Plaintiff to the ground. Plaintiff's body including his

-5-

---

COMPLAINT FOR DAMAGES

head, face, and knees hit the ground with great force. Plaintiff was unconscious for a few seconds.

20. Plaintiff was lawfully on Brand Boulevard at or near Lexington Drive, Glendale, California 91203, when Defendant, ERIC MEYER, Defendant, CHRISTOPHER SPENCER, and the DOE Defendants, and each of them, while in the course and scope of employment by their co-Defendants as police officers, assaulted and battered Plaintiff by violently, unlawfully, intentionally, suddenly and maliciously striking him about the head, face and body, placing Plaintiff in great fear for his life and physical well-being, and legally causing Plaintiff to sustain injuries and damages as hereinafter described. Plaintiff suffered severe and permanent physical and psychological injuries.

21. In doing the acts as alleged above, Plaintiff believes that Defendant, ERIC MEYER, Defendant, CHRISTOPHER SPENCER, and the DOE Defendants, intended to make harmful contact with Plaintiff's person. At no time did Plaintiff consent to any of the acts of Defendants alleged herein above.

22. As a factual and legal result of the aforesaid conduct, Plaintiff was hurt and injured in his health, strength and activities, sustaining injuries to Plaintiff's body, and shock and injury to Plaintiff's nervous system and person, which said injuries have caused, and continue to cause, Plaintiff great mental, physical and nervous pain and suffering.

23. Plaintiff is informed and believes, and based upon such information and belief, alleges that said injuries will result in some permanent disability to Plaintiff, all to his general damages in a sum which exceeds the minimum jurisdictional limits of this Court, according to proof at time of trial.

24. As a further factual and legal result of the aforesaid acts of Defendants, and each of them, Plaintiff required and for an unpredictable period in the future will require the services of doctors, physicians, nurses and hospitals and like related professional services, including drugs, medication, MRI scans, and x-rays; and have and continue to incur medical and incidental expenses, according to proof.

-6-

COMPLAINT FOR DAMAGES

25.   The aforementioned acts of Defendant, ERIC MEYER, Defendant, CHRISTOPHER SPENCER, and the DOE Defendants, were committed and done willfully, wantonly and maliciously and said intended acts were oppressive and committed in complete disregard of Plaintiff's rights, feelings and well-being, and were ratified by all other Defendants herein. Plaintiff is informed, believes and thereupon alleges that Defendants' owners, founders, partners and/or managing directors, authorized and ratified the actions of Defendant, ERIC MEYER, Defendant, CHRISTOPHER SPENCER, and the DOE Defendants.

26.   At all relevant times mentioned here, each of the Defendant, ERIC MEYER, Defendant, CHRISTOPHER SPENCER, and the DOE Defendants, worked as police officers and employees, and in doing the things alleged here, were acting within the course and scope of that agency or employment.   DOE Defendants 1 through 30 are unknown police officers.   At all relevant times mentioned here, each of the Defendants, DOES 31 through 41, was the supervisor, manager, and/or training representative of DOES 1 through 30, and in doing the things alleged here, was acting within the course and scope of that agency or employment.   At all relevant times mentioned here, each of the Defendants, DOES 42 through 50, were the owners, founders, partners and/or managing directors of Defendant, CITY OF GLENDALE, and Defendant, GLENDALE POLICE DEPARTMENT, and in doing the things alleged here, was acting within the course and scope of that relationship.

27.   Moreover, said owners, founders, partners and/or managing directors of Defendant, CITY OF GLENDALE, and Defendant, GLENDALE POLICE DEPARTMENT, had advance knowledge and conscious disregard of Defendant, ERIC MEYER'S, Defendant, CHRISTOPHER SPENCER'S, and the DOE Defendants propensity to commit violence, including but not limited to their violent background.   Defendant, CITY OF GLENDALE, and Defendant, GLENDALE POLICE DEPARTMENT, all authorized and ratified the conduct of Defendant, ERIC MEYER, Defendant, CHRISTOPHER SPENCER, and the DOE Defendants.   Said Defendants are responsible for Plaintiff's harm because they approved the conduct after it occurred.   Said Defendants failed to discharge said employees specifically Defendant, ERIC MEYER, Defendant, CHRISTOPHER SPENCER, and the DOE

-7-

Defendants, who assaulted and battered Plaintiff.  Said Defendants also failed to investigate the charges that said employees committed an assault and battery on Plaintiff.  As a result, Plaintiff seeks punitive and exemplary damages against Defendants and each of them in a sum according to proof at time of trial within the discretion of this Court.

Second Cause of Action

**INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS**

(Against all Defendants)

28.   Plaintiff re-alleges each and every allegation contained in the above Paragraphs 1 through 27, and by this reference incorporates said paragraphs as though fully set forth herein.

29.   On or about December 13, 2018, Defendant, ERIC MEYER, assaulted and battered Plaintiff twisting both of Plaintiff's wrists with great force causing excruciating pain and severe injuries.  Plaintiff began to yell for help and call out for emergency medical attention from other people in the area.  Defendant, ERIC MEYER, released Plaintiff from his grip. Plaintiff was shocked and having a panic attack after being severely injured by Defendant, ERIC MEYER.  Plaintiff was in great fear for his life and walked around seeking emergency medical attention.  Defendant, ERIC MEYER, never asked Plaintiff to stop and did not follow Plaintiff.  Defendant, ERIC MEYER, and Defendant, CHRISTOPHER SPENCER, then decided to run after Plaintiff.  Plaintiff raised his hands and stated "please don't hurt me...please don't hurt me" when Defendant, ERIC MEYER, and Defendant, CHRISTOPHER SPENCER, slammed Plaintiff to the ground.  Plaintiff's body including his head, face, and knees hit the ground with great force.  Plaintiff was unconscious for a few seconds.

30.   On or about December 13, 2018, Plaintiff was the subject of violence and intimidation by threat of violence by Defendant, ERIC MEYER, Defendant, CHRISTOPHER SPENCER, and the DOE Defendants.  Defendants, and each of them, while in the course and scope of employment by Defendants as police officers and employees, assaulted and battered Plaintiff by violently, unlawfully, intentionally, suddenly and maliciously striking him about the head,

-8-

face and body, placing Plaintiff in great fear of his life and physical well being, and legally causing Plaintiff to sustain injuries and damages as hereinafter described.

31. Defendant, ERIC MEYER'S, Defendant, CHRISTOPHER SPENCER'S, and the DOE Defendants' behavior was extreme and outrageous, in that Plaintiff was attacked separately by several individuals with special training and experience in physical assault, who used grossly excessive force.

32. Plaintiff is informed and believes that after the subject incident, Defendant, ERIC MEYER, Defendant, CHRISTOPHER SPENCER, and the DOE Defendants were all involved in the purposeful and wilful destruction of evidence.  Defendants conspired together to destroy said evidence.

33. Plaintiff is informed and believes, and based upon such information and belief alleges, that Defendants, their agents and employees, and each of them, engaged in the aforementioned acts intentionally and maliciously, for the purpose of causing Plaintiff to suffer humiliation, mental anguish and emotional and physical distress.

34. These violent acts, which were in the presence of other patrons at the Subject Property, caused Plaintiff to be terrified, embarrassed and intimidated by the violence.

35. As a factual and legal result of the aforesaid conduct, Plaintiff was hurt and injured in Plaintiff's health, strength and activities, sustaining injuries to Plaintiff's body, and shock and injury to Plaintiff's nervous system and person, which said injuries have caused, and continue to cause, Plaintiff great mental, physical and nervous pain and suffering.

36. As a further factual and legal result of the aforesaid acts of Defendants, and each of them, Plaintiff required and for an unpredictable period in the future will require the services of doctors, physicians, nurses and hospitals and like related professional services, including drugs, medication, MRI scans, and x-rays; and have and continue to incur medical and incidental expenses, according to proof.

37. Plaintiff is informed and believes, and based upon such information and belief, alleges that said injuries will result in some permanent disability to Plaintiff, all to his general damages in

-9-

a sum which exceeds the minimum jurisdictional limits of this Court, according to proof at time of trial.

38. As a further factual and legal result of the acts of Defendants, Plaintiff was preventing from attending his usual occupation. Plaintiff's total loss of earnings is not yet ascertained and will be proven at trial.

39. The aforementioned acts of Defendants were committed and done willfully, wantonly and maliciously and said intended acts were oppressive and committed in complete disregard of Plaintiff's rights, feelings and well-being, and were ratified by all other Defendants herein. Plaintiff is informed, believes and thereupon alleges that Defendants' owners, founders, partners and/or managing directors authorized and ratified the actions of Defendant, ERIC MEYER, Defendant, CHRISTOPHER SPENCER, and the DOE Defendants, conduct as well as other acts to be investigated. Moreover, said owners, founders, partners and/or managing directors had advance knowledge and conscious disregard of Defendant, ERIC MEYER'S, Defendant, CHRISTOPHER SPENCER'S, and the DOE Defendants', propensity to commit violence, including but not limited to Defendant, ERIC MEYER'S, Defendant, CHRISTOPHER SPENCER'S, and the DOE Defendants' violent background. As a result, Plaintiff seeks punitive and exemplary damages against Defendants and each of them in a sum according to proof at time of trial within the discretion of this Court.

<u>Third Cause of Action</u>

**NEGLIGENT HIRING, TRAINING, SUPERVISION**
**AND/OR RETENTION OF EMPLOYEES**

(Against all Defendants except Defendant, ERIC MEYER, Defendant, CHRISTOPHER SPENCER, and DOE Defendant police officers and employees)

40. Plaintiff re-alleges each and every allegation contained in the above Paragraphs 1 through 39, and by this reference incorporates said paragraphs as though fully set forth herein.

41. Defendant, CITY OF GLENDALE, Defendant, GLENDALE POLICE DEPARTMENT, and Does 31 through 50, hired DOES 1 through 30, as police officers. Defendants had a duty of

-10-

reasonable care in hiring, training, supervising and retaining their police officer employees and agents in the City of Glendale.

42. At the time of hiring, the police officers that assaulted and battered Plaintiff, which included Defendant, ERIC MEYER, Defendant, CHRISTOPHER SPENCER, and some of the DOE Defendants, it was clear that they had certain characteristics that would make them unsuitable for the position. Specifically, at the time of hiring, Defendant, CITY OF GLENDALE, Defendant, GLENDALE POLICE DEPARTMENT, and Does 31 through 50 must have know of these characteristics, which created a particular risk to others. Said characteristics caused Plaintiff's injuries. Said Defendants, and each of them, knew, or in the reasonable exercise of diligence should have known, that Defendant, ERIC MEYER, Defendant, CHRISTOPHER SPENCER, and some of the DOE Defendants, were unfit and incompetent to perform the duties for which they were hired, and that an undue risk to persons such as Plaintiff would exist because of the hiring. Defendants, and each of them, knew or should have known that said Defendant, ERIC MEYER, Defendant, CHRISTOPHER SPENCER, and some of the DOE Defendants, possessed violent tendencies and would engage in inappropriate and dangerous conduct in the presence of Plaintiff and assaulted and battered him while lawfully walking on a public sidewalk in the City of Glendale.

43. Plaintiff is informed and believes, and based upon such information and belief, alleges that Defendants' negligence and carelessness was a cause of Defendant, ERIC MEYER, Defendant, CHRISTOPHER SPENCER, and some of the DOE Defendants, assaulting and battering Plaintiff, and of the injuries sustained by Plaintiff. Specifically, Defendant, CITY OF GLENDALE, Defendant, GLENDALE POLICE DEPARTMENT, and Does 31 through 50, negligence in hiring said employees was a substantial factor in creating Plaintiff's harm.

44. As a factual and legal result of Defendants' negligence and carelessness, Plaintiff, on or about December 13, 2018, was injured in his health, strength and activities, sustaining injuries to Plaintiff's body, and shock and injury to Plaintiff's nervous system and person, which said injuries have caused, and continue to cause, Plaintiff great mental, physical and nervous pain and suffering and severe emotional distress.

-11-

45. As a factual and legal result of the aforementioned negligence, Plaintiff has suffered damages in an amount which exceeds the minimal jurisdictional limits of this Court, according to proof at time of trial.

46. Plaintiff is informed and believes, and based upon such information and belief, alleges that said injuries will result in some permanent disability to Plaintiff, all to his general damages in a sum which exceeds the minimum jurisdictional limits of this Court, according to proof at time of trial.

47. As a further factual and legal result of the aforesaid acts of Defendants, and each of them, Plaintiff required and for an unpredictable period in the future will require the services of doctors, physicians, nurses and hospitals and like related professional services, including drugs, medication, MRI scans, and x-rays; and have and continue to incur medical and incidental expenses, according to proof.

48. As a further factual and legal result of the acts of Defendants, Plaintiff was prevented from attending to his usual occupation.  Plaintiff's total loss of earnings is not yet ascertained and will be proven at trial.

Fourth Cause of Action

**NEGLIGENCE**

(As against all Defendants)

49. Plaintiff re-alleges each and every allegation contained in the above Paragraphs 1 through 48, and by this reference incorporates said paragraphs as though fully set forth herein.

50. On or about December 13, 2018, Defendant, ERIC MEYER, assaulted and battered Plaintiff twisting both of Plaintiff's wrists with great force causing excruciating pain and severe injuries.  Plaintiff began to yell for help and call out for emergency medical attention from other people in the area.  Defendant, ERIC MEYER, released Plaintiff from his grip. Plaintiff was shocked and having a panic attack after being severely injured by Defendant, ERIC MEYER.  Plaintiff was in great fear for his life and walked around seeking emergency medical attention.  Defendant, ERIC MEYER, never asked Plaintiff to stop and did not follow Plaintiff.  Defendant, ERIC MEYER, and Defendant, CHRISTOPHER SPENCER,

-12-

then decided to run after Plaintiff.  Plaintiff raised his hands and stated "please don't hurt me...please don't hurt me" when Defendant, ERIC MEYER, and Defendant, CHRISTOPHER SPENCER, slammed Plaintiff to the ground.  Plaintiff's body including his head, face, and knees hit the ground with great force.  Plaintiff was unconscious for a few seconds.

51.   On or about December 13, 2018, Plaintiff was the subject of violence and intimidation by threat of violence by Defendant, ERIC MEYER, Defendant, CHRISTOPHER SPENCER, and the DOE Defendants.  Defendants, and each of them, while in the course and scope of employment by Defendants as police officers and employees, assaulted and battered Plaintiff by violently, unlawfully, intentionally, suddenly and maliciously striking him about the head, face and body, placing Plaintiff in great fear of his life and physical well being, and legally causing Plaintiff to sustain injuries and damages as hereinafter described.

52.   Defendant, CITY OF GLENDALE, Defendant, GLENDALE POLICE DEPARTMENT, and Does 31 through 50, have a duty to keep citizens such as Plaintiff safe and free from assault and battery.  Defendants breached their duty to Plaintiff by negligently failing to keep Plaintiff free from being assaulted and battered by their police officer employees.  Plaintiff is informed and believes, and based upon such information and belief, alleges that Defendants' negligence and carelessness was the cause of Defendant, ERIC MEYER, Defendant, CHRISTOPHER SPENCER, and the DOE Defendants, assaulting and battering Plaintiff, and of the injuries sustained by Plaintiff.

53.   As a factual and legal result of Defendants' negligence and carelessness, Plaintiff, on or about December 13, 2018, was injured in his health, strength and activities, sustaining injuries to Plaintiff's body, and shock and injury to Plaintiff's nervous system and person, which said injuries have caused, and continue to cause, Plaintiff great mental, physical and nervous pain and suffering and severe emotional distress.

54.   Plaintiff is informed and believes, and based upon such information and belief, alleges that said injuries will result in some permanent disability to Plaintiff, all to his general damages in

-13-

a sum which exceeds the minimum jurisdictional limits of this Court, according to proof at time of trial.

55.   As a further factual and legal result of the aforesaid acts of Defendants, and each of them, Plaintiff required and for an unpredictable period in the future will require the services of doctors, physicians, nurses and hospitals and like related professional services, including drugs, medication, MRI scans and x-rays; and have and continue to incur medical and incidental expenses, according to proof.

56.   As a further factual and legal result of the acts of Defendants, Plaintiff was prevented from attending to his usual occupation.  Plaintiff's total loss of earnings is not yet ascertained and will be proven at trial.

Fifth Cause of Action

**FALSE IMPRISONMENT**

(As against all Defendants)

57.   Plaintiff re-alleges each and every allegation contained in the above Paragraphs 1 through 56, and by this reference incorporates said paragraphs as though fully set forth herein.

58.   While Plaintiff was lawfully on Brand Boulevard at or near Lexington Drive, Glendale, California 91203, on or about December 13, 2018, Defendant, ERIC MEYER, Defendant, CHRISTOPHER SPENCER, and other DOE Defendants, and each of them, intentionally and unlawfully exercised force and menace to restrain, detain or confine Plaintiff.

59.   Defendants' restraint, detention or confinement compelled Plaintiff to stay on Brand Boulevard at or near Lexington Drive, Glendale, California 91203, for some appreciable time.

60.   Plaintiff did not consent to the restraint, detention or confinement.

61.   As a factual and legal result of the aforesaid conduct, Plaintiff was hurt and injured in Plaintiff's health, strength and activities, sustaining injuries to Plaintiff's body, and shock and injury to Plaintiff's nervous system and person, which said injuries have caused, and continue to cause, Plaintiff great mental, physical and nervous pain and suffering.

-14-

62.   Plaintiff is informed and believes, and based upon such information and belief, alleges that said injuries will result in some permanent disability to Plaintiff, all to his general damages in a sum which exceeds the minimum jurisdictional limits of this Court, according to proof at time of trial.

63.   As a further factual and legal result of the aforesaid acts of Defendants, and each of them, Plaintiff required and for an unpredictable period in the future will require the services of doctors, physicians, nurses and hospitals and like related professional services, including drugs, medication, MRI scans, and x-rays; and have and continue to incur medical and incidental expenses, according to proof.

64.   As a further factual and legal result of the acts of Defendants, Plaintiff was prevented from attending his usual occupation.  Plaintiff's total loss of earnings is not yet ascertained and will be proven at trial.

65.   The aforementioned acts of Defendants were committed and done willfully, wantonly and maliciously and said intended acts were oppressive and committed in complete disregard of Plaintiff's rights, feelings and well-being, and were ratified by all other Defendants herein. Plaintiff is informed, believes and thereupon alleges that Defendants' owners, founders, partners and/or managing directors authorized and ratified the actions of Defendant, ERIC MEYER'S, Defendant, CHRISTOPHER SPENCER'S, and other DOE Defendants', conduct and other acts to be investigated.  Moreover, said owners, founders, partners and/or managing directors had advance knowledge and conscious disregard of Defendant, ERIC MEYER'S, Defendant, CHRISTOPHER SPENCER'S, and other DOE Defendants', propensity to commit violence, including but not limited to Defendants' violent background.  As a result, Plaintiff seeks punitive and exemplary damages against Defendants and each of them in a sum according to proof at time of trial within the discretion of this Court.

///
///
///
///

-15-

Sixth Cause of Action

**VIOLATION OF THE BANE CIVIL RIGHTS ACT**

(As against all Defendants)

66.  Plaintiff re-alleges each and every allegation contained in the above Paragraphs 1 through 65, and by this reference incorporates said paragraphs as though fully set forth herein.

67.  On or about December 13, 2018, Defendant, ERIC MEYER, assaulted and battered Plaintiff twisting both of Plaintiff's wrists with great force causing excruciating pain and severe injuries.  Plaintiff began to yell for help and call out for emergency medical attention from other people in the area.  Defendant, ERIC MEYER, released Plaintiff from his grip. Plaintiff was shocked and having a panic attack after being severely injured by Defendant, ERIC MEYER.  Plaintiff was in great fear for his life and walked around seeking emergency medical attention.  Defendant, ERIC MEYER, never asked Plaintiff to stop and did not follow Plaintiff.  Defendant, ERIC MEYER, and Defendant, CHRISTOPHER SPENCER, then decided to run after Plaintiff.  Plaintiff raised his hands and stated "please don't hurt me...please don't hurt me" when Defendant, ERIC MEYER, and Defendant, CHRISTOPHER SPENCER, slammed Plaintiff to the ground.  Plaintiff's body including his head, face, and knees hit the ground with great force.  Plaintiff was unconscious for a few seconds.

68.  As set forth above, Defendant, ERIC MEYER, Defendant, CHRISTOPHER SPENCER, and other DOE Defendants, and each of them, verbally and physically threatened and intimidated Plaintiff with deprivation of his rights to bodily integrity, to be free from attack and to be free from assault and battery.  Defendant, ERIC MEYER, Defendant, CHRISTOPHER SPENCER, and other DOE Defendants, and each of them, further coercively deprived Plaintiff of his right to bodily integrity and to be free from physical attack by intentionally striking him about the head, face and body, placing Plaintiff in great fear for his life and physical well being.

69.  Moreover, said owners, founders, partners and/or managing directors of Defendant, CITY OF GLENDALE, Defendant, GLENDALE POLICE DEPARTMENT, and Does 31 through 50,

-16-

had advance knowledge and conscious disregard of Defendant, ERIC MEYER'S, Defendant, CHRISTOPHER SPENCER'S, and other DOE Defendants', propensity to commit violence, including but not limited to Defendant, ERIC MEYER'S, Defendant, CHRISTOPHER SPENCER'S, and other DOE Defendants', violent background. Defendant, CITY OF GLENDALE, Defendant, GLENDALE POLICE DEPARTMENT, and Does 31 through 50, all authorized and ratified the conduct of Defendant, ERIC MEYER, Defendant, CHRISTOPHER SPENCER, and other DOE Defendants. Said Defendants are responsible for Plaintiff's harm because they approved the conduct after it occurred. Said Defendants failed to discharge said police officer employees specifically Defendant, ERIC MEYER, Defendant, CHRISTOPHER SPENCER, and other DOE Defendants, who assaulted and battered Plaintiff. Said Defendants also failed to investigate the charges that said employees committed an assault and battery on Plaintiff. As a result, Plaintiff seeks punitive and exemplary damages against Defendants and each of them in a sum according to proof at time of trial within the discretion of this Court.

70. The foregoing conduct by Defendants constitutes a violation of the Bane Civil Rights Act in that it constitutes an attempt to interfere, and actual interference, with Plaintiff's exercise and enjoyment of his civil rights secured by law. Said rights that Defendants attempted to and did interfere with include, but are not limited to, those secured by Civil Code § 43, Penal Code §§ 240, 241, 242 and 243, the United States and California constitutions and the common law interpreting the United States and California constitutions and the statutes enacted by the state of California.

71. As a factual and legal result of the aforesaid conduct, Plaintiff was hurt and injured in Plaintiff's health, strength and activities, sustaining injuries to Plaintiff's body, and shock and injury to Plaintiff's nervous system and person, which said injuries have caused, and continue to cause, Plaintiff great mental, physical and nervous pain and suffering.

72. As a further factual and legal result of the aforesaid acts of Defendants, and each of them, Plaintiff required and for an unpredictable period in the future will require the services of doctors, physicians, nurses and hospitals and like related professional services, including

-17-

drugs, medication, MRI scans, and x-rays; and have and continue to incur medical and incidental expenses, according to proof.

73. As a further factual and legal result of the acts of Defendants, Plaintiff was prevented from attending his usual occupation.  Plaintiff's total loss of earnings is not yet ascertained and will be proven at trial.

74. The aforementioned acts of Defendants were committed and done willfully, wantonly and maliciously and said intended acts were oppressive and committed in complete disregard of Plaintiff's rights, feelings and well-being, and by reason thereof Plaintiff seeks punitive and exemplary damages against Defendants and each of them in a sum according to proof at time of trial within the discretion of this Court.

75. As a further result of the aforementioned acts of Defendants, Plaintiff is entitled to reasonable costs and attorney's fees as provided in Civil Code §§ 52 and 52.1.

76. Moreover, Civil Code §52(b)(2) allows for a "civil penalty of twenty-five thousand dollars ($25,000) to be awarded to the person denied the right . . . or by the Attorney General... or a civil attorney." (Emphasis added).  As such, plaintiff is entitled to a civil penalty of $25,000.

77. The damages herein exceed $25,000.

78. Plaintiff hereby demands a trial by jury.

Seventh Cause of Action

**CIVIL RIGHTS VIOLATION**

**[42 U.S.C. §1983]**

(As against all Defendants)

79. Plaintiff re-alleges each and every allegation contained in the above Paragraphs 1 through 78, and by this reference incorporates said paragraphs as though fully set forth herein.

80. At all times mentioned herein, Defendant, CITY OF GLENDALE, and Defendant, GLENDALE POLICE DEPARTMENT, employed Defendant, ERIC MEYER, Defendant, CHRISTOPHER SPENCER, and other DOE Defendants.  Said Defendants provided its individual Defendant employees and agents with official badges and identification cards

-18-

which designated and described the bearers as employees of the Defendant, CITY OF GLENDALE, and Defendant, GLENDALE POLICE DEPARTMENT.

81.  During all times mentioned herein, Defendant, ERIC MEYER, Defendant, CHRISTOPHER SPENCER, and other DOE Defendants, and each of them, separately and in concert, acted under color and pretense of law, under color of the statutes, ordinances, regulations, policies, practices, customs and usages of the Defendant, CITY OF GLENDALE, and Defendant, GLENDALE POLICE DEPARTMENT.  Each of the individual Defendants herein, separately and in concert, deprived Plaintiff of the rights, privileges and immunities secured to him by the Fourth and Fourteenth Amendments to the United States Constitution, and by the laws of the United States.

82.  On or about December 13, 2018, Defendant, ERIC MEYER, Defendant, CHRISTOPHER SPENCER, and other DOE Defendants, of Defendant, CITY OF GLENDALE, and Defendant, GLENDALE POLICE DEPARTMENT, assaulted and battered Plaintiff as previously described, all of which constituted excessive, unjustifiable, and unreasonable force in violation of and with deliberate indifference to Plaintiff's constitutional right to be free from unreasonable searches and seizures.  By causing the injuries to Plaintiff, these actions additionally violated all of Plaintiff's Fourteenth Amendment rights to substantive due process, privacy, as well as Plaintiff's right to enjoy the care, companionship, familial relationship, and society of Plaintiff, and his right to be free from arbitrary and unreasonable government intrusions into his family unit, as Defendants, and each of them, intruded upon with deliberate indifference and in a manner that shocks the conscience, when they used excessive force upon Plaintiff.

83.  The above articulated constitutional violations were  proximately caused by Defendant, CITY OF GLENDALE'S, deliberate indifference to the maintenance, training, and control of Defendant,  GLENDALE POLICE DEPARTMENT, and the injuries and constitutional violations set forth herein were proximately caused by the customs, practices, policies and decisions of Defendant, CITY OF GLENDALE, and Defendant, GLENDALE POLICE DEPARTMENT, including, but not limited to, inadequately training and supervising police

-19-

officers with respect to the reasonable and proper use of excessive and deadly force against civilians.

84. Plaintiff is informed and believe, and thereupon allege, that before December 13, 2018, the Defendant, CITY OF GLENDALE, and Defendant, GLENDALE POLICE DEPARTMENT, hired, trained, supervised, employed and/or managed Defendant, ERIC MEYER, Defendant, CHRISTOPHER SPENCER, and other DOE Defendants, with conscious disregard of and deliberate indifference to the constitutional rights of third parties, in that it was plainly obvious to the Defendant, CITY OF GLENDALE, and Defendant, GLENDALE POLICE DEPARTMENT, that these police officers were dangerous and violent employees, prone to injuring civilians without reasonable justification, and in a manner that demonstrates callous disregard for the rights and safety of third parties, and assault and batter persons and/or use unnecessary, unreasonable, deadly, and/or unlawful physical force without reasonable justification. Because adequate scrutiny of these individual Defendants' background would have led reasonable policymakers within the Defendant, CITY OF GLENDALE, and Defendant, GLENDALE POLICE DEPARTMENT, to conclude that the plainly obvious consequence of the decision to hire these individual Defendants would be the deprivation of a third party's Fourth Amendment right to be free from unreasonable and excessive force, the Defendant, CITY OF GLENDALE, and Defendant, GLENDALE POLICE DEPARTMENT, were deliberately indifferent to Plaintiffs' federally protected rights when the individual Defendants herein, were hired, retained, and later supervised.

85. As set forth in the foregoing paragraphs of this Complaint, Defendant, ERIC MEYER'S, Defendant, CHRISTOPHER SPENCER'S, and other DOE Defendants' injuring of Plaintff was an unconstitutional display of unreasonable, excessive force, which violated Plaintiff's Fourth Amendment right to be free from unreasonable seizures. Plaintiff is informed and believes, and thereupon allege, the details of this incident have been revealed to the authorized policy makers within the Defendant, CITY OF GLENDALE, and Defendant, GLENDALE POLICE DEPARTMENT, and that such policy makers have direct knowledge of the fact that Plaintiff's injuries were not justified, but rather represented an

-20-

unconstitutional display of unreasonable excessive force. Notwithstanding this knowledge, the authorized policy makers within the Defendant, CITY OF GLENDALE, and Defendant, GLENDALE POLICE DEPARTMENT, have approved of the Defendant Police Officers' injuring of Plaintiff, and have made a deliberate choice to endorse the Defendants Police Officers' injuring of Plaintiff and the basis for that injury. By so doing, the authorized policy makers within the Defendant, CITY OF GLENDALE, and Defendant, GLENDALE POLICE DEPARTMENT, have shown affirmative agreement with the individual Defendant Police Officers' actions, and have ratified the unconstitutional acts of the individual Defendant Police Officers.

86. Despite the fact that the Defendant, CITY OF GLENDALE, knew or should have known of the fact that these acts, omissions, decisions, practices, customs and policies, both formal and informal, were being carried out by its agents and employees, the Defendant, CITY OF GLENDALE, has taken no steps or efforts to prevent this course of conduct, nor to make redress to this Plaintiff or other civilian citizens injured thereby, and has failed to take any disciplinary action whatsoever against any of its employees or agents.

87. The above acts of omissions of the Defendants were undertaken while under color of state law and resulted in the violation of all Plaintiff's constitutional rights, as stated herein. Likewise, the customs, practices, policies, and decisions of the Defendant, CITY OF GLENDALE, alleged herein, and as applied to Plaintiff, resulted in violation of all Plaintiff's constitutional rights.

88. Plaintiff had the right to be free from unreasonable searches and seizures, and the right to be free from the use of unreasonable and excessive force. These rights and privileges are secured to Plaintiff by the provisions of the Fourth Amendment to the United States Constitution, and by 42 U.S.C. section 1983. All of these interests were implicated by the wrongful conduct of the Defendants which proximately caused Plaintiff's injuries. Plaintiff had a Fourteenth Amendment right to substantive due process, privacy, as well as a fundamental right to enjoy the care, companionship, familial relationship, and society of Plaintiff, and a right to be free from arbitrary and unreasonable government intrusions into

-21-

the family unit. All of these rights and privileges are secured to Plaintiff by the provisions of the Fourteenth Amendment to the United States Constitution, and by 42 U.S.C. section 1983. All of these interests were implicated by the wrongful conduct of the Defendants which proximately caused Plaintiff's injuries.

89. Each of the individual Defendants, including Defendant, ERIC MEYER, Defendant, CHRISTOPHER SPENCER, and other DOE Defendants, and the municipal Defendants acted in concert, acted outside the scope of his/her jurisdiction and without authorization of law and each of the individual Defendants, separately and in concert, acted willfully, knowingly, with reckless disregard and deliberate indifference to the known consequences of their acts and omissions, and purposefully with the intent to deprive Plaintiff of his federally protected rights and privileges, and did in fact violate those rights and privileges, entitling Plaintiff to punitive and exemplary damages in an amount to be proven at the trial of this matter.

90. As a direct and proximate result of the aforesaid acts, omission, customs, practices, policies and decisions of the Defendants and each of them, Plaintiff has suffered great mental and physical pain, suffering, anguish fright, nervousness, anxiety, grief, shock, humiliation, indignity, embarrassment, apprehension, and the loss of love, comfort, society, solace and support, all to their damage in a sum to be determined at trial. Additionally, Plaintiff has been forced to incur substantial amounts for attorneys' fees, investigation expenses, and other expenses in the prosecution of the above articulated constitutional violations.

91. As a further result of these acts, Plaintiff has lost past and future earnings and wages resulting from this incident that occurred on December 13, 2018, in an amount to be determined according to proof at trial.

92. Plaintiff is entitled to and hereby demands costs, attorneys fees and expenses pursuant to 42 U.S.C. section 1988.

///

///

///

-22-

<u>Eighth Cause of Action</u>

**VIOLATION OF FREEDOM FROM UNREASONABLE AND EXCESSIVE FORCE**

(As against all Defendants)

93.   Plaintiff re-alleges each and every allegation contained in the above Paragraphs 1 through 92, and by this reference incorporates said paragraphs as though fully set forth herein.

94.   This action is brought pursuant to 42 U.S.C. §1983, and the Fourth and  Fourteenth Amendments of the United States Constitution.

95.   On or before and on December 13, 2018, Plaintiff possessed the right, guaranteed by the Fourth and Fourteenth Amendments of the United States Constitution, to be free from unreasonable seizures and excessive force by police officers acting under the color of law.

96.   Defendant, ERIC MEYER, Defendant, CHRISTOPHER SPENCER, and other DOE Defendants, without just and legal cause, and with the intent to cause Plaintiff serious bodily injury and/or death, deliberately injured Plaintiff as described herein for no good reason, and thereby violated Plaintiff's rights under the laws and Constitution of the United States, in particular the Fourth Amendment of the United States Constitution.

97.   At the time of this incident, Plaintiff was not engaged in any assaultive behavior toward defendant or any other person or persons, and Plaintiff was standing on the sidewalk fully cooperative.

98.   The use of excessive forve in this fashion by said Defendants was entirely unjustified by any actions of Plaintiff and constituted an unreasonable and excessive use of force.

99.   Said Defendants acted specifically with the intent to deprive Plaintiff of the following rights under the United States Constitution:

    a.   Freedom from unreasonable seizures, in the form of the use of excessive force by police officers;

    b.   Freedom from a deprivation of liberty without due process of law; and

    c.   Freedom from summary punishment.

-23-

100.   Said Defendants subjected Plaintiff to the aforementioned deprivations by either actual malice, deliberate indifference to the violation of his civil rights or a reckless disregard of his civil rights.

101.   Said defendants acted at all times herein knowing full well that the established practices, customs, procedures and policies of Defendant, CITY OF GLENDALE, and Defendant, GLENDALE POLICE DEPARTMENT, would allow a cover-up and allow the continued use of illegal force in violation of the Fourth Amendment of the Constitution of the United States and the laws of the State of California.

102.   As a direct and proximate result of the aforementioned acts of said defendants, Plaintiff suffered serious injuries and permanent injuries to his body, and have physically, psychologically, and emotionally impaired him permanently.  Plaintiff has been made to hire doctors, surgeons, and other health care professionals to treat his injuries, and will require future surgeries, treatments, and therapies as a result of the conduct of the present Defendants.  As a result of the herein described conduct of these Defendants, Plaintiff also was caused to suffer loss of wages and a permanent loss of working capacity.

103.   The aforementioned acts of Defendant, ERIC MEYER, Defendant, CHRISTOPHER SPENCER, and other DOE Defendants, were willful, wanton, malicious and oppressive thereby justifying the awarding of exemplary and punitive damages as to Defendant, ERIC MEYER, Defendant, CHRISTOPHER SPENCER, and other DOE Defendants.

Ninth Cause of Action

**FAILURE TO INTERVENE TO PREVENT CIVIL RIGHTS VIOLATION**

(Against all Defendants except Defendant, ERIC MEYER, Defendant, CHRISTOPHER SPENCER)

104.   Plaintiff re-alleges each and every allegation contained in the above Paragraphs 1 through 103, and by this reference incorporates said paragraphs as though fully set forth herein.

105.   This action is brought pursuant to 42 U.S.C. §1983, and the Fourth and Fourteenth Amendments of the United States Constitution, for violation of Plaintiff's procedural and substantive due process rights.

106. At the time and place alleged herein, DOE Defendants were present at the immediate vicinity and location where Plaintiff was standing prior to being assaulted and battered by Defendant, ERIC MEYER, Defendant, CHRISTOPHER SPENCER, and other DOE Defendants.

107. At said dates and locations, said Defendants were in the position and authority to lawfully intervene in and prevent the unjustified and unwarranted abuse of force against Plaintiff by Defendant, ERIC MEYER, Defendant, CHRISTOPHER SPENCER, and other DOE Defendants, and to intervene and prevent the unwarranted use of force.

108. At said dates and locations, Defendants had ample and reasonably sufficient time and opportunity to so intervene and prevent the unlawful use of force against Plaintiff, and were compelled to do so as peace officers under the laws of the State of California and under the Constitution of the United States of America.

109. At said date and location, in deliberate indifference to Plaintiff's life, health and Constitutional rights, said Defendants intentionally and with deliberate indifference to the civil rights of Plaintiff, refrained from intervening in said unlawful use of force.

110. Said Defendants acted at all times herein knowing full well that the established practices, customs, procedures and policies of the Defendant, CITY OF GLENDALE, and Defendant, GLENDALE POLICE DEPARTMENT, would allow a cover-up and allow the continued use of illegal force in violation of the Fourth Amendment of the Constitution of the United States and the laws of the State of California.

111. As a direct and proximate result of the aforementioned acts of said Defendants, Plaintiff suffered serious injuries and permanent injuries to his body, and have physically, psychologically, and emotionally impaired him permanently.  Plaintiff has been made to hire doctors, surgeons, and other health care professionals to treat his injuries, and will require future surgeries, treatments, and therapies as a result of the conduct of the present Defendants.  As a result of the herein described conduct of these Defendants, Plaintiff also was caused to suffer loss of wages and a permanent loss of working capacity.

-25-

112.   The aforementioned acts and omissions of the above-identified Defendants were willful, wanton, malicious and oppressive thereby justifying the awarding of exemplary and punitive damages as to said Defendants.

Tenth Cause of Action

## CONSPIRACY TO VIOLATE PLAINTIFF'S FOURTH AND FOURTEENTH AMENDMENT RIGHTS

(Against all Defendants)

113.   Plaintiff re-alleges each and every allegation contained in the above Paragraphs 1 through 112, and by this reference incorporates said paragraphs as though fully set forth herein.

114.   This action is brought pursuant to 42 U.S.C. §1983 and the Fourteenth Amendment of the United States Constitution.

115.   Beginning after the use of force alleged herein and continuing through the December 13, 2018, by Defendant, ERIC MEYER, Defendant, CHRISTOPHER SPENCER, and other DOE Defendants, planned and acted in concert to violate the Fourth and Fourteenth Amendment Rights of Plaintiff and to carry out a malicious and evil plan to falsely and wrongfully manufacture facts and accounts of the incident underlying this action.

116.   At said time and place, said Defendants expressly and impliedly agreed that they would unlawfully fabricate the reasons for Plaintiff's injuries which were actually caused by Defendants use of unlawful excessive force, all for the malicious and unlawful purpose of violating Plaintiff's civil rights and of unlawfully inflicting punishment on Plaintiff. Furthermore, said Defendants expressly and implied agreed that they would offer false accounts of the incident, knowing that disclosing the actual reasons for Plaintiff's injuries would have resulted in the disciplining of by Defendant, ERIC MEYER, Defendant, CHRISTOPHER SPENCER, and other DOE Defendants.

117.   Said defendants along with other co-conspirators purposefully, under color of law, planned and intended to deny Plaintiff the equal protection of the laws and injure Plaintiff in the following respects:

-26-

a.    to deny the right to be free from unreasonable arrests including but not limited to the right to be free from excessive force;

b.    to deny the right not to be deprived of life and liberty without due process of law; and

c.    to deny the right against cruel and unusual punishment.

118.   By virtue of the foregoing, said Defendants and two or more of them, conspired for the purpose of:

a.    depriving Plaintiff of equal protection of the laws and of equal protection and immunities under the law; and

b.    preventing and hindering the constituted authorities, including but not limited to the Los Angeles County District Attorney, the State of California and the Federal Bureau of Investigation from giving and securing Plaintiff's equal protection of the law and preventing deprivation of liberty and property without due process of law.

119.   Said defendants, and each of them, did and caused to be done, an act or acts in furtherance of the object of the conspiracy, as enumerated above, whereby Plaintiff was deprived of the rights and privileges as set forth above.  These acts included the said Defendants fabricating facts to conceal their use of excessive force on Plaintiff, authoring and filing false police reports in violation of P.C. §118.1 to conceal and justify police misconduct, knowingly approving such false reports, giving false and deliberately misleading and perjurious statements to investigators, giving false and perjurious testimony in the investigation of the incident, and failing to discipline and recommend for prosecution police officers committing such misconduct.

120.   By virtue of the foregoing, said defendants, and each of them, Plaintiff's procedural and substantive due process rights under the Fourteenth Amendment.

121.   Notwithstanding the duties owed to Plaintiff, and notwithstanding the laws of the state of California and the rights granted to Plaintiff under the U.S. Constitution, these Defendants, and each of them, with deliberate indifference to the constitutional rights of Plaintiff, failed and refused to prevent the wrongs conspired to be committed against Plaintiff, despite their ability and duty to do so.

-27-

122.  As a direct and proximate result of the aforementioned acts of said Defendants, Plaintiff suffered serious injuries and permanent injuries to his body, and have physically, psychologically, and emotionally impaired him permanently.  Plaintiff has been made to hire doctors, surgeons, and other health care professionals to treat his injuries, and will require future surgeries, treatments, and therapies as a result of the conduct of the present defendants.  As a result of the herein described conduct of these defendants, Plaintiff also was caused to suffer loss of wages and a permanent loss of working capacity.

123.  The aforementioned acts of said defendants were willful, wanton, malicious and oppressive thereby justifying the awarding of exemplary and punitive damages as to said Defendants.

Eleventh Cause of Action

**MUNICIPAL LIABILITY FOR VIOLATION OF CONSTITUTIONAL RIGHTS**

(Against Defendant, CITY OF GLENDALE)

124.  Plaintiff re-alleges each and every allegation contained in the above Paragraphs 1 through 123, and by this reference incorporates said paragraphs as though fully set forth herein.

125.  On the above date and time, Defendant, ERIC MEYER, Defendant, CHRISTOPHER SPENCER, and other DOE Defendants, acting within the course and scope of their duties as police officers, employees, and representatives of Defendant, CITY OF GLENDALE, and Defendant, GLENDALE POLICE DEPARTMENT, deprived Plaintiff of his right to be free from unreasonable seizure and excessive force as alleged in the above.

126.  At the time of the above detailed incident, Defendant, CITY OF GLENDALE, had in place, and had ratified, policies, procedures, customs and practices which permitted and encouraged their police officers while on duty and while off duty to unjustifiably, unreasonably and in violation of the Fourth and Fourteenth Amendments, use excessive force, and specifically against minority groups.

127.  Said policies, procedures, customs and practices also called for Defendant, CITY OF GLENDALE, to refrain from disciplining, prosecuting or in any way deal with or respond to known incidents, complaints, of excessive force by said its police officers, or the related claims and lawsuits made as a result of such incidents.

-28-

COMPLAINT FOR DAMAGES

128.   Said policies, procedures, customs and practices called for the refusal of said Defendant, and their agents, employees and representatives, including the supervising officers of the Defendant, GLENDALE POLICE DEPARTMENT, to investigate complaints of previous incidents of wrongful use of vehicles as other allegations of excessive force made against on-duty and off-duty officers and, instead, officially claim that such incidents were justified and proper.

129.   Said policies, procedures, customs and practices called for said Defendants, by means of inaction and coverup, to encourage said officers of the Defendant, GLENDALE POLICE DEPARTMENT, to believe that improper use of vehicles to stop suspects, including members of minority groups, was permissible.

130.   Said policies, procedures, customs and practices of said Defendant evidenced a deliberate indifference to the violations of the constitutional rights of Plaintiff.  This indifference was manifested by the failure to change, correct, revoke, or rescind said policies, procedures, customs and practices in light of prior knowledge by Defendants and their policymakers of indistinguishably similar incidents of unjustified and unreasonable police use of vehicles.

131.   Deliberate indifference to the civil rights of minority groups and other victims of excessive force was also evidenced by said Defendant by the ignoring of the history and pattern of prior civil lawsuits alleging civil rights violations and the related payment of judgments to such individuals.

132.   Deliberate indifference is also evidenced by said Defendant's county and its police's department having maintained an inadequate system of incidences of excessive force which failed to identify instances of improper use of equipment, vehicles, or other police tools, as well as Defendant's failure to more closely supervise or retrain police officers who in fact improperly used such equipment, tools and weapons by on-duty and off-duty officers.

133.   Other systemic deficiencies which indicated, and continue to indicate, a deliberate indifference to the violations of the civil rights by the police officers of the Defendant, CITY OF GLENDALE, of Defendant, GLENDALE POLICE DEPARTMENT, include;

-29-

a.     preparation of investigative reports designed to vindicate the use of force, regardless of whether such use was justified;

b.     preparation of investigative reports which uncritically rely solely on the word of police officers involved in the wrongful use of force and which systematically fail to credit testimony by non-police witnesses;

c.     preparation of investigative reports which omit factual information and physical evidence which contradicts the accounts of the officers involved;

d.     issuance of public statements exonerating officers involved in such incidents prior to the completion of investigations of the wrongful use of force;

e.     failure to review investigative reports by responsible superior officers for accuracy or completeness and by the acceptance of conclusions which are unwarranted by the evidence of the use of force or which contradict such evidence; and

f.     failure to enact and implement policies, practices and procedures as well as training relating to the use of force against civilians.

134.   Said Defendant also maintained a system of grossly inadequate training system and program pertaining to the use of force against civilians in that said training fails to meet standard police training principles and criteria which mandate the use of established customs, procedures and guidelines to prevent the pattern of lawsuits against said Defendants.

135.   The foregoing acts, omissions, and systemic deficiencies are policies and customs of said Defendant and such caused Defendants' police officers to be unaware of the rules and laws governing permissible use of force against civilians while on duty and to believe that the use of excessive force was entirely within the discretion of the police officers and that improper use of force would not be honestly and properly investigated, all with the foreseeable result that Defendants' officers would use excessive and/or deadly force in situations where such force is neither necessary, reasonable nor legal, thereby violating the civil rights of the citizens of this state.

-30-

COMPLAINT FOR DAMAGES

136.    As a result of the aforementioned acts, omissions, systematic deficiencies, policies, procedures, customs and practices of said Defendant and its Police Department, Defendant, ERIC MEYER, Defendant, CHRISTOPHER SPENCER, and other DOE Defendants, acting within the course and scope of their duties as a police officers, employees, and representatives of the Defendant, CITY OF GLENDALE, and Defendant, GLENDALE POLICE DEPARTMENT, deprived Plaintiff of his right to be free from unreasonable seizure and excessive force as alleged in the above.

137.    As a direct and proximate result of the aforementioned acts of said Defendant, Plaintiff suffered serious injuries and permanent injuries to his body, and have physically, psychologically, and emotionally impaired him permanently.  Plaintiff has been made to hire doctors, surgeons, and other health care professionals to treat his injuries, and will require future surgeries, treatments, and therapies as a result of the conduct of the present Defendants.  As a result of the herein described conduct of these defendants, Plaintiff also was caused to suffer loss of wages and a permanent loss of working capacity.

### DEMAND FOR JURY TRIAL

Plaintiff hereby demands Trial by jury.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for judgment against all Defendants, and each of them, as follows:

1.    For all general and special damages to compensate Plaintiff for any medical expenses and suffering and related damages;

2.    For special damages in an amount according to proof for Plaintiff's loss of past and future earnings, loss of job security and all damages flowing therefrom;

3.    For punitive damages, as allowed by law, that will sufficiently punish, make an example of, and deter future conduct by Defendants;

4.    For treble actual damages, which in no case shall be less than $4,000;

5.    For a civil penalty of $25,000;

6.    For attorney's fees according to proof at time of trial;

7.    Reasonable attorney's fees and expenses in litigation as provided for in 42 U.S.C. §1988;

-31-

8.      Those statutory damages provided in the Unruh Civil Rights Act, sections 52 and 52.1 of the California Civil Code;

9.      For investigation fees and expert witness fees incurred herein;

10.     For costs of suit herein; and

11.     For such other and further relief as the Court deems just and proper.

DATED: FEBRUARY 3, 2020                    KAPLAN, KENEGOS & KADIN

By:_____
     JEROME A. KAPLAN, ESQ.
     Attorneys for Plaintiff,
     RON A. ROSEN JAFANZA

-32-

COMPLAINT FOR DAMAGES