UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| Case No. | 2:23-cv-1312-MRA (SKx) | Date | March 6, 2024 |
| Title | Janfaza v. City of Glendale, et al. | | |

Present: The Honorable     Steve Kim

| Connie Chung | n/a |
| Deputy Clerk | Court Smart / Recorder |

| Attorneys Present for Plaintiff: | Attorneys Present for Defendants: |
| None present | None present |

**Proceedings:**      (IN CHAMBERS) **ORDER TO SHOW CAUSE**

Last year, in accordance with the district judge's referral order, the parties requested a settlement conference with the court.  Shortly afterward, in December 2023, the court issued its settlement conference order.  (ECF 29.)  That order set the conference for March 6, 2024, and instructed the parties to exchange good faith others no later than three weeks beforehand. It also mandated the presence and participation at the conference of "[e]veryone whose decision [was] necessary for settlement," including "an authorized and knowledgeable representative of any party that is a . . . government entity" and "the person for each side with full and final settlement authority."  (*Id*. at 2).  "The purpose of [that] requirement [was] to have all persons present who can settle the case . . . without consulting anyone else not physically present at the Settlement Conference."  (*Id*.) (original emphasis).

Most importantly, though, as pertinent here, the defendant's representative had to have "full and final authority to commit the defendant to pay, in the representative's discretion, a settlement amount recommended" by the court "up to the plaintiff's last demand" made before the conference (and, by symmetry, the plaintiff had to have "full and final authority" to accept a settlement amount recommended by the court "down to the defendant's last offer" made before the conference).  (*Id*. at 2-3).  On this score, the order explained: "**Authority to settle is not the same as authorization to settle for a particular amount on the day of the conference.**"  (*Id*. at 3) (original emphasis).  Thus, the order warned: "**Sanctions will be imposed if the decision-making representative at the conference comes with only limited authorization but not complete authority.**"  (*Id*.) (original emphasis).

Defendants City of Glendale, the individual police officers, and their counsel of record violated the settlement conference order by not having a "decision-making representative at the conference" with "complete authority" to "commit the defendant[s] to pay" in that

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| Case No. | 2:23-cv-1312-MRA (SKx) | Date | March 6, 2024 |
|----------|------------------------|------|---------------|
| Title | Janfaza v. City of Glendale, et al. | | |

"representative's discretion" a settlement amount "up to the plaintiff's last demand." Thus, the conference had to be adjourned (after about two and half hours) with not even an initial exchange of good-faith settlement offers. Even if any "proposed settlement involving" a "government entity [would have had to] be presented for final or pro forma approval to a Board, committee, or other decision-making body," the "person whose recommendation is normally followed" had to not only attend the conference but also appear with the requisite "authority" to recommend the commitment required by the court's order. (ECF 29 at 2-3).

Of course, having such "authority" never means that a representative must *accept* any proposed settlement amount. But having such authority is necessary to productive and good-faith settlement discussions, and it is the only way to avoid wasting the court's and the parties' time.[1] Unfortunately, the defendants' representative(s) here—whether it was counsel or a city employee—appeared with only "authorization to settle for a particular amount on the day of the conference" that was materially and inexcusably below "plaintiff's last demand," in direct violation of the settlement conference order. (*Id.* at 3). And, as noted, that order expressly warned that "strict compliance" with its terms was expected and that the "failure of any party or attorney to comply strictly" could lead to "sanctions," including the "fees and costs expended by the other parties in preparing for and attending" the conference. (*Id.* at 7).

For these reasons, defendants and their counsel of record are ORDERED TO SHOW CAUSE in writing by no later than March 8, 2024 why they should not be ordered to pay the reasonable attorney fees actually incurred by plaintiff in having his attorney prepare his confidential settlement conference statement and attending the settlement conference in person. Failure to timely respond as ordered may lead to sanctions with no further notice. This order may be discharged, however, with a brief written response filed by the deadline stating that plaintiff and his counsel have agreed to waive reimbursement of any compensatory sanctions.

IT IS SO ORDERED.

cc:  MRA Chambers

---

[1] The court devoted three hours of time in preparation for the settlement conference, including review of the parties' respective settlement conference statements, their papers on defendants' motion for summary judgment, and other pertinent records in this case.