UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES – GENERAL

| Case No. | 2:23-cv-1312-MRA (SKx) | Date | June 24, 2025 |
|---|---|---|---|
| Title | Janfaza v. City of Glendale, et al. | | |

Present: The Honorable   Steve Kim

| Connie Chung | n/a |
|---|---|
| Deputy Clerk | Court Smart / Recorder |

| Attorneys Present for Plaintiff: | Attorneys Present for Defendants: |
|---|---|
| None present | None present |

**Proceedings:**   (IN CHAMBERS) **ORDER TO SHOW CAUSE**

In the Court's May 22, 2025 Order Re: Remote Settlement Conference, the parties were (among other things) ordered to "exchange, in good faith, formal offers and counteroffers in writing" and "informal offers and counteroffers orally" no later than three weeks before the settlement conference scheduled for June 30, 2025. (ECF 81 at 4). Afterward, they had to "detail the material terms of the exchanged proposals—both formal and informal—in their respective Confidential Settlement Conference Statements" due no later than one week before the scheduled conference. (*Id.*).

Yet there is *nothing* in either side's Confidential Settlement Conference Statement submitted to the Court yesterday reflecting what—if any—good faith offers and counteroffers were exchanged starting three weeks before, as ordered. The Court can thus only surmise that the parties recklessly ignored or intentionally violated the Court's Settlement Conference order. What reinforces the Court's concern is the fact that the Settlement Conference Statements submitted yesterday are (with a few immaterial differences) literal photocopies of the same Statements the parties each submitted—more than a year ago—in connection with the first failed March 2024 settlement conference. It shouldn't even need saying that these acts and omissions do not set the stage for a productive good faith settlement conference next week that will not waste the parties' and the Court's scarce and valuable time.

For these reasons, the parties are ORDERED TO SHOW CAUSE in writing by no later than 5 pm Friday June 27, 2025, why the parties (or their counsel, or both) should not be sanctioned or, at minimum, the June 30 settlement conference not vacated for failure to comply with the Court's orders. The parties may discharge this order by filing a timely stipulation and proposed order by 5 pm on June 27 "to vacate the settlement conference upon a showing of good cause demonstrating why further settlement discussions would be futile" in accordance with Judge Almadani's June 18, 2025 text entry order. Alternatively, the parties

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| Case No. | 2:23-cv-1312-MRA (SKx) | Date | June 24, 2025 |
|---|---|---|---|
| Title | Janfaza v. City of Glendale, et al. | | |

may each submit timely supplements to their respective Confidential Settlement Conference Statements by the show-cause deadline demonstrating immediate (albeit late) compliance with the Court's order to exchange good-faith offers and counteroffers and detailing the material terms of those offers and counteroffers in the supplemental statements.

If the parties elect the latter option, the City of Glendale is further ordered to outline (in detail) in its ex parte/in camera supplemental statement whether and to what extent the City representative—other than the counsel of record—who will attend the conference on behalf of the City Council has sufficient settlement authority because that representative's "recommendation" on settlement to the City Council "is normally followed." (ECF 81 at 2). Otherwise, defendants must ensure that the "chair(s) or other person(s) responsible for setting that body's agenda on approval of settlements" attends the conference, as ordered by the Court. (*Id.*). To repeat, the "representative" for a government entity "must possess full and final authority to *provisionally* require that defendant[s] pay, in the representative's discretion, a settlement amount . . . up to the plaintiff's last demand made prior to the Settlement Conference"—with the understanding of course that "final approval is contingent on the decision" of the City Council fully and lawfully convened. (*Id.* at 2-3).

IT IS SO ORDERED.

cc: MRA Chambers